UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>)<br>CHARLES EMOR )<br>)<br>*Defendant.* )<br>) | Criminal No. 1:06-CR-00064-JR<br>Trial: November 28, 2006 |

### DEFENDANT CHARLES EMOR'S MOTION FOR A BILL OF PARTICULARS

Pursuant to Rules 7(f) and 7(c)(1) of the Federal Rules of Criminal Procedure, Defendant Charles Emor moves this Court for an Order directing the Government to file a bill of particulars setting forth the information specified below regarding the allegations of the Indictment.

The allegations of the current Indictment are insufficient to permit Mr. Emor to prepare adequately for trial. The Indictment is insufficient because: 1) it refers to unnamed third party actors involved in the allegedly illegal acts and events; 2) it vaguely refers to computer shipments received at Mr. Emor's home without providing information regarding quantity or date of shipment; and 3) it refers to vague numbers of shipments made by Mr. Emor without quantifying the amount.

The following particulars are necessary to notify Mr. Emor of the complete crimes with which he is charged:

1. With respect to Paragraph 4, and elsewhere in the indictment, identify the individual material to these events that is only identified as M.R.

2. With respect to Paragraph 7, and elsewhere in the indictment, identify the name and address of "others whose identities are known and unknown to the

        Grand Jury (sometimes referred to as "co-conspirators") who conspired in Mr. Emor's alleged violations of the law.

3. With respect to Paragraph 8, identify the "elsewhere" that Gateway computers were allegedly shipped as part of the conspiracy.

4. With respect to Paragraph 9(b), identify the names and addresses of the customers alleged recruited by the co-conspirators.

5. With respect to Paragraph 9(c), and elsewhere in the indictment, identify the "multiple shipments" received by Mr. Emor, including the address and quantity, and identify the number of the "many" computers that he allegedly re-sold, including the identity and address of the persons to whom he re-sold.

6. With respect to Paragraph 10(h), and elsewhere in the indictment, identify the name and address of the "customer" recruited by Marshall.

The Defendant reserves the right to file additional appropriate motions based upon the information provided by the Government in its Bill of Particulars.

Dated:  September 28, 2006        Respectfully Submitted,

                                              /s/ _____
William R. Martin  (D.C. Bar # 465531)
Shawn M. Wright (D.C. Bar # 458377)
Kerry Brainard Verdi (D.C. Bar #478486)
**Blank Rome LLP**
600 New Hampshire Avenue, N.W.
Washington, DC 20037
Ph: (202 772-5800
Fax: (202) 772-5858

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 1:06-CR-00064-JR |
| ) | Trial: November 28, 2006 |
| v. ) | |
| ) | |
| CHARLES EMOR ) | |
| ) | |
| *Defendant*. ) | |

### DEFENDANT CHARLES EMOR'S MEMORANDUM IN SUPPORT OF MOTION FOR A BILL OF PARTICULARS

Defendant Charles Emor, through undersigned counsel, respectfully submits the following Memorandum of Law in Support of Motion for a Bill of Particulars.

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars" with respect to allegations of the indictment. Fed. R. Crim. P. 7(f). Specifically, Mr. Emor is entitled to sufficient details of the charge to allow preparation of the defense and to avoid surprise at trial. *See United States v. Baker*, 262 F. Supp. 657, 673 (D.D.C. 1966).

In the Motion for a Bill of Particulars, Mr. Emor requests basic information relating to specification of locations, dates, addresses and quantity of shipments which specifically relate to how the alleged conspiracy operated. (Mot. at ¶3-6.) Similarly, he requests the identity of indicted or unindicted co-conspirators, or others involved in the purchase of the stolen computers, (Mot. at ¶¶ 1-2), as Mr. Emor should not be required to defend himself without knowing the identities of the persons with whom he is alleged to have violated the law, especially if those personas initials are included in the indictment. These requests have been

found to be the proper basis for a motion for a bill of particulars. *See, e.g., Baker,* 262 F. Supp. 675 (ordering government to provide particular information known to the government, including names and addresses of co-conspirators).

Based on the foregoing, Mr. Emor respectfully requests that the Court grant the Motion for a Bill of Particulars.

Dated:  September 28, 2006                     Respectfully Submitted,

_____/s/_____
William R. Martin  (D.C. Bar # 465531)
Shawn M. Wright (D.C. Bar # 458377)
Kerry Brainard Verdi (D.C. Bar #478486)
**Blank Rome LLP**
600 New Hampshire Avenue, N.W.
Washington, DC 20037
Ph: (202 772-5800
Fax: (202) 772-5858

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) ) ) ) **v.** ) ) ) **CHARLES EMOR** ) ) *Defendant.* ) ) | **Criminal No. 1:06-CR-00064-JR** <br> **Trial date: November 28, 2006** |

## [Proposed] ORDER

Upon consideration of Defendant's Motion for a Bill of Particulars, and good cause demonstrated, it is hereby ORDERED that the Government file a Bill of Particulars within 10-days of this Order.

_____
U.S. District Court Judge