UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
|  | ) Criminal No. 1:06-CR-00064-JR |
|  | ) Trial: November 28, 2006 |
| v. | ) |
|  | ) |
| CHARLES EMOR | ) |
|  | ) |
| *Defendant.* | ) |

**DEFENDANT CHARLES EMOR'S MOTION FOR
PRODUCTION OF *BRADY* AND *GIGLIO* MATERIAL**

Defendant Charles Emor, through undersigned counsel, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1973) and *Giglio v. United States*, 405 U.S. 154 (1972), respectfully requests this Honorable Court to enter an Order directing the Government to make available within ten days for inspection and copying any and all information within its possession that could constitute evidence favorable to Mr. Emor, or that may lead to material exculpatory evidence, within the meaning of *Brady v. Maryland*, 373 U.S. 83, and its progeny, including *Giglio v. United States*, 405 U.S. 150.  Specifically, Mr. Emor requests information including, but not limited to (1) evidence of bias of a government witness; (2) the nature, substance, and terms of any consideration given a witness in exchange for his/her cooperation with the government; (3) any witnesses who do not fully corroborate the government's case or may tend to impeach the government's evidence;[1] (4) any information tending to show the unreliability of a government witness or that would tend to discredit the testimony of a government witness; and (5) all

information known to the government that is favorable to Mr. Emor, whether or not admissible in court, and that is material to the issues of guilt and/or punishment, including any information that the requisite elements to prove the charged offenses cannot be met.  Specifically, Mr. Emor requests all *Giglio* information related to all conspirators named in the indictment, as well as those known to the government and grand jury.

In addition, Mr. Emor hereby requests any and all records, reports, notes or memoranda relating to the alleged offenses, that are in the care, custody, or control of the United States including the U.S. Attorney's Office, the U.S. Postal Service, and any other government agency that may have investigated the alleged offenses.

Dated:  September 28, 2006                    Respectfully Submitted,

                                               /s/
                                               William R. Martin  (D.C. Bar # 465531)
                                               Shawn M. Wright (D.C. Bar # 458377)
                                               Kerry Brainard Verdi (D.C. Bar #478486)
                                               **Blank Rome LLP**
                                               600 New Hampshire Avenue, N.W.
                                               Washington, DC 20037
                                               Ph: (202 772-5800
                                               Fax: (202) 772-5858

---

[1] *See Giles v. Maryland*, 386 U.S. 66 (1967).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) Criminal No. 1:06-CR-00064-JR<br>) Trial: November 28, 2006 |
| v. | )<br>)<br>) |
| CHARLES EMOR | )<br>) |
| *Defendant.* | )<br>) |

**MEMORANDUM IN SUPPORT OF DEFENDANT CHARLES EMOR'S
MOTION FOR PRODUCTION OF *BRADY* AND *GIGLIO* MATERIAL**

In letters dated April 11, 2006 and September 15, 2006, defendant's counsel requested that the Government produce any and all material exculpatory evidence within its possession. The Government has produced some discovery. However, the present Motion seeks an Order directing the Government to produce any and all material within its possession that is subject to the disclosure requirements of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 154 (1972), and has not yet been made available to defendant.

It is well-settled that constitutional due process requires the prosecution, upon request, to produce evidence in the Government's possession, custody or control that is "favorable to an accused" and is material either to guilt or punishment. *Brady v. Maryland*, 373 U.S. at 87. Favorable evidence has been held material to guilt or punishment if it "'could . . . in any reasonable likelihood have affected the judgment of the jury,'" *Giglio v. United States*, 405 U.S. 150, 154 (1972) (quoting *Napue v. Illinois*, 360 U.S. 264, 271 (1959)), or "might have affected the outcome of the trial." *United*

3

*States v. Bagley*, 473 U.S. 667, 681 (1985) (quoting *United States v. Agurs*, 427 U.S. 97, 104 (1976)).

In April, 2006, and again in September, 2006, Mr. Emor's counsel requested all material subject to disclosure under *Brady* and *Giglio*. Defendant submits, however, that the Government has not produced all such material that is within its possession. Specifically, Mr. Emor asserts that he has not received all *Giglio* evidence related to the conspirators named in the indictment, as well as those known to the government and the grand jury.

As this case is scheduled for trial at the end of November, and much of the information necessary to the preparation of Mr. Emor's defense remains in the Government's possession, Mr. Emor has been unable to adequately prepare his defense to the charges in the indictment. Without this information, Mr. Emor will be denied the rights to due process and effective assistance of counsel guaranteed by the Fifth and Sixth Amendments. *Brady v. Maryland*, 373 U.S. at 87; *Edelen v. United States*, 627 A.2d 968, 970 (D.C. 1973).

In addition, the Government's disclosure obligation is not limited to evidence that is within the files of the prosecution agency, but extends to exculpatory evidence that is in the possession of any governmental agency that has participated in the criminal investigation leading to the prosecution. When the prosecutor is aware that another governmental agency has investigated the alleged offense, he "has a duty to learn of any favorable evidence" held by that agency. *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).

To the extent that any information favorable to Mr. Emor was generated by other

law enforcement agencies and is available to the Government, defendant requests that such information be made available, as it is subject to disclosure under *Brady*.

Additionally, Mr. Emor requests that the information subject to disclosure be provided in a timely manner as required by *Brady*, which provides that such information must be made available "at such a time as to allow the defense to use favorable material effectively in the preparation and presentation of its case, even if satisfaction of this criteria requires pre-trial disclosure." *United States v. Pollock*, 534 F.2d 964, 973 (D.C. 1976) *cert. denied*, 429 U.S. 924 (1976). As noted above, this case is scheduled for trial beginning on November 28, 2006. Mr. Emor, therefore, requests that the Government provide all *Brady* and *Giglio* material within ten days of this Court's ruling on the present Motion.

## CONCLUSION

For the reasons set forth in the accompanying Memorandum, and any others that this Honorable Court may deem appropriate, Mr. Emor respectfully requests that this Court grant his Motion for production of *Brady* and *Giglio* material, and enter an Order directing the Government to produce the information requested herein within ten days.

Dated:  September 28, 2006               Respectfully Submitted,

                                          /s/
                                         William R. Martin  (D.C. Bar # 465531)
                                         Shawn M. Wright (D.C. Bar # 458377)
                                         Kerry Brainard Verdi (D.C. Bar #478486)
                                         **Blank Rome LLP**
                                         600 New Hampshire Avenue, N.W.
                                         Washington, DC 20037
                                         Ph: (202 772-5800
                                         Fax: (202) 772-5858

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) <br> ) <br> ) **Criminal No. 1:06-CR-00064-JR** <br> ) **Trial date: November 28, 2006** |
| v. | ) <br> ) <br> ) |
| **CHARLES EMOR** | ) <br> ) |
| *Defendant.* | ) <br> ) |

## [Proposed] ORDER

Upon consideration of Defendant's Motion for Production of *Brady* and *Giglio* material, and good cause demonstrated, it is hereby ORDERED that the Government produce all such evidence within 10 days of this Order.

_____
U.S. District Court Judge