UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Cr. No. 06-64 (JR) |
| v. | : | |
| | : | |
| | : | Trial: November 28, 2006 |
| CHARLES EMOR | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS AND RESPONSE TO DEFENDANT'S MOTION FOR *BRADY* AND *GIGLIO* MATERIAL AND FOR 404(b) NOTICE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to defendant's motion for a bill of particulars. The indictment in this case fully complies with the requirements of Rule 7(c)(1) of the Federal Rules of Criminal Procedure. Nonetheless, the government here provides the full name of the individual identified as M.R. in the indictment--Michael Ralph. Otherwise, the government understands its ongoing obligations with respect to *Brady* and *Giglio* material and will supplement the discovery already provided if necessary. The government does not intend to present any 404(b) evidence.

The defendant claims that this Court should order the government to provide a bill of particulars because the indictment refers to: (1) Unnamed third party actors involved in the allegedly illegal acts and events; (2) computer shipments received at the defendant's home without listing the quantity or date of shipment; and (3) shipments made by the defendant without stating the amount. See Defendant's Motion For Bill of Particulars at 1. These arguments lack merit.

The purpose of a bill of particulars is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." United States v. Butler, supra, 822 F.2d 1191, 1193; Fed Rules Cr. Proc. Rule 7(d); see also United States v. Esquivel, 755 F. Supp. 434, 436 (D.D.C. 1990). "It is not the function of a bill of particulars to provide a detailed disclosure of the government's evidence in advance of trial." Overton v. United States, 403 F.2d 444, 446 (5th Cir. 1968); see also United States v. Torres, 901 F.2d 205, 234 (2d Cir.) ("[a]cquisition of evidentiary detail is not a function of a bill of particulars"); United States v. Armocida, 515 F.2d 49, 54 (3d Cir.) (bill of particulars is not intended as a vehicle for "wholesale discovery of the Government's evidence"). Where a defendant has enough information to understand the charges alleged in the indictment against him and to conduct his own investigation of those charges, the government should not be required to prepare a bill of particulars. Butler, 822 F.2d at 1193; see also United States v. Cisneros, 26 F. Supp. 2d 24, 55-56 (D.D.C. 1998) ("where a defendant has enough information to understand the charges alleged in the indictment against him and to conduct his own investigation of those charges, the government should not be required to prepare a bill of particulars").

In the instant case, the indictment is in accord with the requirements of Fed. R. Crim. P. 7(c)(1). For example, the allegations in the eight-page indictment outlines the conspiracy that essentially forms the subject of the instant prosecution. In addition, the indictment defines the defendant's role in the charged conspiracy in a manner sufficient to avoid surprise and permit the defendant to prepare a defense. Moreover, the defense has received substantial discovery from which the nature of the government's case can be easily understood. The defendant's demands for

further particularization of overt acts, the circumstances surrounding the alleged acts, and the identities of percipient witnesses to their occurrence represent an attempt pretrial to procure evidentiary material foreclosed by the case law.  See United States v. Long, 449 F.2d 288, 294-95 (8th Cir. 1971) (the government is not required to disclose exact times and locations of acts committed in furtherance of the conspiracy); see also United States v. West, 877 F.2d 281, 293 (4th Cir.) (no error in denying bill of particulars to discover the identities of unnamed "Known Individuals" referred to in the indictment); Wong Tai v. United States, 273 U.S. 77 (1927) (the government is not required to specify every overt act it intends to prove at trial). The government also has no duty to divulge the precise manner in which the crimes alleged in the indictment were committed, United States v. Andrews, 381 F.2d 377, 377-78 (2nd Cir. 1967); United States v. Leonelli, 428 F. Supp. 880, 882 (S.D.N.Y. 1977); the theory of its case, United States v. Buckner, 610 F.2d 570, 574 (9th Cir. 1979); or the "when, where and how" of matters not charged in the indictment. United States v. Armocida, supra, 515 F.2d at 54. See also United States v. Poe, 81 F.3d 152 (4th Cir.) (no abuse of discretion in denying a bill of particulars to provide the exact time of day and the precise location that the offense occurred); United States v. Dicesare, 765 F.2d 890, 897 (9th Cir. 1985) (bill of particulars not warranted when the defendant seeks to obtain the exact date on which the conspiracy began and all the overt acts which comprise the conspiracy); United States v. Biaggi, 675 F. Supp. 790, 809 (S.D.N.Y. 1987) (defendants not entitled to bill of particulars in which the government would, among other things, specifically state each alleged date, time, person present, place, and nature of conversation concerning the crime).

The Court should deny the instant motion for bill of particulars since its requests "go to the Government's proof rather than to a clarification of the indictment." <u>United States v. Smith</u>, 341 F. Supp. 687, 690 (N.D. Ga. 1972).

>Respectfully submitted,
>
>JEFFREY A. TAYLOR
>UNITED STATES ATTORNEY
>
>
>By:_____
>ROY L. AUSTIN, JR.
>Assistant United States Attorney
>Fraud and Public Corruption Section
>CA Bar #211491
>555 Fourth Street, N.W.
>Washington, D.C. 20530
>(202) 353-9458

CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was faxed and e-mailed to the attorneys for the defendant, William R. Martin, Shawn M. Wright and Kerry Brainard Verdi, Blank Rome LLP, 600 New Hampshire Avenue, N.W., Washington, D.C. 20037, this \_\_\_\_ day of October, 2006.

>_____
>Assistant United States Attorney