**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| _____ ) | | |
| **UNITED STATES OF AMERICA** ) | | |
| ) | **Criminal No.  1:06-CR-00064-JR** | |
| ) | **Trial:  December 18, 2006** | |
| **v.** ) | | |
| ) | | |
| **CHARLES EMOR** ) | | |
| ) | | |
| *Defendant.* ) | | |
| _____ ) | | |

## DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

Defendant, Charles Emor, by his undersigned counsel, respectfully requests the following interrogation of prospective jurors be conducted pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure:

## Questions Requested by Defendant

1.      Will each of you promise that if you are selected as a juror you will judge this case in a fair and impartial manner without bias against either party?

2.      Do any of you know Charles Emor?  Have you heard or read anything about this case or Charles Emor, from any source whatsoever?  If so, have you formed an opinion about the guilt or innocence of Charles Emor?  Would that opinion prevent you from maintaining an open, impartial mind until all of the evidence is in and the instructions of the Court are given?

3.      Have any of you ever heard of The Sunrise Academy?  If so, have you formed any opinions concerning the school?

4.      Do any of you know, or have you had any dealings with, any of the following persons or members of their families?

      a.  AUSA Roy Austin or Sarah Chassen;

      b.  Postal Inspector Marydeth Newman;

      c.  Counsel for Charles Emor:  Billy Martin, Shawn Wright or Kerry Brainard Verdi;

      d.  The following people may be witnesses in this case or who may be mentioned by various witnesses:  Orlando Marshall, Mike Ralph, Dwayne Simmons, Abdul Jalloh, Ahmed Gabr, Nkenge Cunningham, Leonard Ozoemena, Gertrude Edwards who is also known as Makini Niliwaambieni.[1]

5.      Do you know any other member of the jury panel?  If so, would you be able to make an independent judgment if you served together?

6.      One of the fundamental principles of our legal system is that when a person is brought to court charged with a crime, that person is presumed innocent unless and until the Government proves guilt beyond a reasonable doubt.  This burden of proof never shifts to the defendant.  If you are selected as a juror in this case, would you have any difficulty in accepting and applying the rule of law that Charles Emor is presumed innocent?

7.      There has been an indictment in this case.  An indictment is just a formal way of presenting charges.  Does the fact that there is an indictment affect your ability to presume that Charles Emor is innocent?

---

[1] This is a partial list, the defense may call other witnesses in addition to those listed above.

8.     Consequently, ladies and gentlemen, the defendant need not testify, need not offer any evidence, and may, in fact, stand mute, because he presumed innocent. Does anyone here feel that Charles Emor should testify or present evidence on his own behalf before you could find him not guilty?

9.     Does anyone think that Charles Emor has to prove his innocence once he presents evidence?

10.     As a matter of law, the Judge will instruct you that a defendant has an absolute right not to testify.  If Charles Emor wants to testify in this case but if his lawyers advise him not to, will you hold that against him?

11.     If Charles Emor was to testify, would you consider and judge his testimony by the same rules and standards you would use in judging testimony of other witnesses?

12.     Does anyone believe that Charles Emor should testify or present evidence on his own behalf before you could find him not guilty?

13.     Have you heard or seen anything during previous jury service that would make it difficult to sit in this case?

14.     Have you formed any opinions about defense attorneys, prosecutors, or accused persons?

15.     Would the nature of any of these charges make it difficult for you to render a fair and impartial verdict in this case?

16.     If you came to the conclusion that the prosecution had not proven Charles Emor's guilt beyond a reasonable doubt, and you found that a majority of the jurors disagreed with you, would you change your verdict only because you were in the

minority or would you give the defendant the benefit of your own individual judgment in arriving at a verdict?

17.    As you have been told, the defendant is charged by indictment with several counts.  As you know, the indictment is not evidence.  It is merely the formal manner of informing the accused of the charges against him.  Does the mere number of charges cause you to believe that Charles Emor is probably guilty of one or more of those charges?

18.    Have you ever served as a juror at the trial of a criminal or civil case in either state or federal court?  If so, in what court did you serve as a juror, what charges were involved in the trial, and what was the result of the trial?  Would that experience affect your ability to be fair and impartial in this case?  Were you able to reach a unanimous verdict in that case?

19.    Have you ever served on a grand jury?  If so, would that experience affect your ability to be fair and impartial in this case?

20.    Have you, any member of your family or any close friends been the victim or, witness to, or charged with a crime?

21.    Have you, any member of your family or any close friends ever been employed by a state or federal prosecutor's office or agency?

22.    Have you, any member of your family or any close friends ever been employed by the United States Postal Service, including the Postal Inspectors?

23.    Have you, any member of your family or any close friends ever received any specialized training in accounting, tax, or auditing?

24.    Have you ever received any training in sales or marketing?

25.     Have you, any member of your family or any close friends ever owned your own business?

26.     Do you have children that have previously attended, or are currently attending, the D.C. Public Schools?

27.     Do you have children who have either previously attended or are currently attending a charter school or private school?

28.     Do you have a college degree?

29.     Do you have education beyond college?

30.     Have you ever worked as a teacher, school administrator, or in any other position at a public or private school?

31.     Is anyone employed in a technology field such as computers or computer programming?  Have you or any member of your family ever worked for, Gateway, Dell, IBM, Apple, Microsoft, or any other computer company?  If so, in what capacity?

32.     Are you taking medication that you must receive at particular times of the day, or that might affect your ability to listen to the evidence or are you suffering from any health problems, such as loss of sight or hearing that are uncorrected by glasses or hearing aids?  If so, do you have a standing appointment with a physician to receive medication?

33.     Would you tend to give greater or lesser weight to the testimony of a police officer or federal law enforcement officer simply because of his position?

34.     Do you have any religious or moral scruples that would prevent you from judging the conduct of another person?

35.     Finally, ladies and gentlemen, is there anything you have heard so far, or is there any other reason at all why you would feel uncomfortable sitting in this case or why you would prefer to be excused?

36.     Does anyone have any questions?

Respectfully submitted,


/s/ WILLIAM R. MARTIN
William R. Martin, Esq.
Shawn M. Wright, Esq.
Kerry B. Verdi, Esq.
BLANK ROME LLP
600 New Hampshire Ave., N.W.
Washington, D.C. 20037
(202) 944-3000

*Attorneys for Charles Emor*

**CERTIFICATE OF SERVICE**

I certify that on this 15th day of December, 2006, I caused a copy of Defendant's Proposed Voir Dire to be served by facsimile upon Assistant United States Attorney Roy Austin, United States Attorney's Office, 555 4th Street, NW, Washington, DC 20530.


/s/ KERRY BRAINARD VERDI
Kerry Brainard Verdi