UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **CHARLES EMOR** <br><br> *Defendant.* | ) <br> ) <br> ) Criminal No. 1:06-CR-00064-JR <br> ) Trial: December 18, 2006 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant Charles Emor, by his undersigned counsel, requests that the Court instruct the jury in the above captioned case in accordance with the attached proposed instructions. Mr. Emor further requests that the Court, in accordance with Rule 30 of the Federal Rules of Criminal Procedure, inform counsel of its proposed actions upon the requested instructions prior to counsel's arguments to the jury.[1]

Mr. Emor is submitting these proposed instructions before any evidence has been presented. Accordingly, Mr. Emor reserves the right to request changes, deletions, additions, and add defenses to these proposed instructions should an issue arise during the trial that may necessitate additional instructions from Bender, Criminal Jury Instructions for the District of Columbia (4th ed.) (2005) (the "Redbook") and L. Sand, J. Siffert, W. Loughlin & S. Reiss, Modern Federal Jury Instructions: Criminal.

---

[1] Bold text indicates additions to the language of the Modern Federal Jury Instructions. Text with a strike through font indicates deleted language of the Modern Federal Jury Instructions. If no changes have been made to the Criminal Jury Instructions for the District of Columbia, known as the Redbook, only the number for that instruction has been listed, in accordance with the direction given to counsel at the status conference.

1

## **TABLE OF CONTENTS**

| Instruction | Page |
|---|---|
| Introduction | 3 |
| Introductions Before Trial | 4 |
| Introductory Instructions | 5 |
| Evaluation of Testimony Instructions | 6 |
| Evaluation of Other Evidence Instructions | 7 |
| Closing Remarks Instructions | 8 |
| Deliberations Instructions | 9 |
| Mr. Emor's Proposed Conspiracy Instruction | 10 |
| Mr. Emor's Proposed Wire Fraud Instruction | 11 |
| Mr. Emor's Proposed Receipt of Stolen Property Instruction | 18 |
| Mr. Emor's Proposed Theory of the Case | 19 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>)<br>CHARLES EMOR )<br>)<br>*Defendant.* )<br>) | ) Criminal No. 1:06-CR-00064-JR<br>) Trial: December 18, 2006 |

## COURT'S INSTRUCTIONS TO THE JURY

### Introduction

Ladies and Gentlemen, you are about to enter your final duty, which is to decide the fact issues in the case.

Before you do that, I will instruct you on the law. You must pay close attention to me now. I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified. It has been obvious to me and to counsel that you have faithfully discharged this duty. Your interest never flagged, and it is evidence that you followed the testimony with close attention.

I ask you to give me that same careful attention, as I instruct you on the law.

Authority:

L. Sand, J. Siffert, W. Loughlin & S. Reiss, Modern Federal Jury Instructions: Criminal.

3

## Introductions Before Trial

Redbook Instruction 1.03:     Preliminary Instruction Before Trial

Redbook Instruction 1.05:     Cautionary Instruction Prior to First Recess

Redbook Instruction 1.10:     Evaluation of Prior Inconsistent Statement of a Witness

Redbook Instruction 1.12:     Impeachment By Proof of Conviction of a Crime – Witness

Redbook Instruction 1.12A:    Impeachment by Proof of Pending Case, Probation or Parole – Witness

Redbook Instruction 1.22:     A Juror's Recognition of a Witness or Other Party Connected to the Case

**Introductory Instructions**

Redbook Instruction 2.01:    Function of the Court

Redbook Instruction 2.02:    Function of the Jury

Redbook Instruction 2.03:    Jury's Recollection Controls

Redbook Instruction 2.04:    Evidence in the Case – Judicial Notice, Stipulations, Depositions.

        A.  Must determine at the close of evidence which portion of this rule is applicable.

Redbook Instruction 2.05:    Statements of Counsel

Redbook Instruction 2.06:    Indictment Not Evidence

Redbook Instruction 2.07:    Inadmissible and Stricken Evidence

Redbook Instruction 2.08:    Burden of Proof – Presumption of Innocence

Redbook Instruction 2.09:    Reasonable Doubt

Redbook Instruction 2.10:    Direct and Circumstantial Evidence

Redbook Instruction 2.11:    Credibility of Witnesses

## Evaluation of Testimony Instructions

Redbook Instruction 2.22:    Alleged Participant's Testimony

Redbook Instruction 2.22A:    Witness with a Plea Agreement

Redbook Instruction 2.25:    Perjurer's Testimony

Redbook Instruction 2.26:    Police Officer's Testimony

Redbook Instruction 2.27:    Right of a Defendant Not to Testify

## Evaluation of Other Evidence Instructions

Redbook Instruction 2.42:    Character and Reputation of Defendant

Redbook Instruction 2.43:    Cross-Examination of Character Witness

Redbook Instruction 2.52:    Multiple Counts – One Defendant

## Closing Remarks Instructions

Redbook Instruction 2.71:   Selection of Foreperson

Redbook Instruction 2.72:   Unanimity

**Deliberations**

Redbook Instruction 2.73:    Exhibits During Deliberations

                A.    First bracketed instruction only

Redbook Instruction 2.75**:**    Communications Between Court and Jury During Jury's Deliberations

**Mr. Emor's Proposed Conspiracy Instruction**
**18 U.S.C. § 371**

Redbook Instruction 4.93     Conspiracy:  Basic Instruction

**Mr. Emor's Proposed Mail Fraud Instruction**
**18 U.S.C. § 1341**

The Indictment charges that Mr. Emor devised a scheme to defraud and in furtherance of that scheme knowingly caused the mails to be used.

The Indictment reads "From between in or about December, 2000, through in or about May, 2002, in the District of Columbia and elsewhere, defendants SIMMONS, EMOR, and others whose identities are known and unknown to the Grand Jury, did knowingly devise a scheme and artifice to defraud Gateway of monies by means of false and fraudulent pretenses and representations, and for the purpose of executing such scheme did cause to be sent or delivered by the United Parcel Service, an interstate commercial mail carrier, the following matters or things:

Count 2: Eight boxes addressed to "Andrea Marshall" containing stolen Gateway computers and related components.

Count 3: Four boxes addressed to "Charles Emor" containing stolen Gateway computers and related components.

Count 4: Ten boxes addressed to "Charles Emor" containing stolen Gateway computers and related components."

The relevant statute on this subject is in section 1341 of Title 18 of the Untied States Code. It provides:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises…for the purpose of executing such scheme or artifice or attempting to do so, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent

or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier…or knowingly causes to be delivered by mail or such carrier according to the direction thereon…any such matter or thing, shall be guilty of a crime.

The purpose of the federal mail fraud statute is to prevent the use of the facilities and services provided by the United States Postal Service for fraudulent purposes.  A scheme to defraud may be punished under the federal mail fraud statute whether or not it also violates state law.

In order to sustain this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises, as alleged in the indictment;

Second, that Mr. Emor knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in execution of that scheme, Mr. Emor used or caused the use of the mails as specified in the indictment.

The first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud [the victim] of money or property  by means of false or fraudulent pretenses, representations or promises.

This first element is almost self-explanatory.

A "scheme or artifice" is merely a plan for the accomplishment of an object.

A scheme to defraud is any plan, device, or course of action to obtain money or property

by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

"Fraud" is a general term which embraces all the various means by which human ingenuity can devise and which are resorted to by an individual to gain an advantage over another by false representations, suggestions or suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

The scheme to defraud is alleged to have been carried out by making false (or fraudulent) statements.

A statement, representation, claim or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

Deceitful statements of half truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished is immaterial.

The false or fraudulent representation must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.

This means that if you find a particular statement of fact to have been false, you must

determine whether that statement was one that a reasonable person or investor might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.

In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of money or property.

However, the government is not required to prove that Mr. Emor himself originated the scheme to defraud. Furthermore, it is not necessary that the government prove that Mr. Emor actually realized any gain from the scheme or that the intended victim actually suffered any loss.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

If you find that the government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

The second element that the government must prove beyond a reasonable doubt is that the Mr. Emor participated in the scheme to defraud knowingly, willfully and with specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of Mr. Emor is a complete defense to a charge of mail fraud. Mr. Emor, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Under the mail fraud statute, even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by Mr. Emor is a good defense, however inaccurate the statements may turn out to be.

As a practical matter, then, in order to sustain the charges against Mr. Emor, the government must establish beyond a reasonable doubt that he knew that his conduct as a participant in the

15

scheme was calculated to deceive and, nonetheless, he associated himself with the alleged fraudulent scheme for the purpose of causing some loss to another.

To conclude on this element, if you find that Mr. Emor was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should acquit him. On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, namely the existence of the scheme to defraud, but also this second element, that Mr. Emor was a knowing participant and acted with specific intent to defraud, and if the government also establishes the third element, as to which I am about to instruct you, then you have a sufficient basis upon which to convict Mr. Emor.

The third and final element that the government must establish beyond a reasonable doubt is the use of the mails in furtherance of the scheme to defraud. The use of the mails as I have used it here includes material sent through either the United States Postal Service or a private or commercial interstate carrier.

The mailed matter need not contain a fraudulent representation or purpose or request for money. It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for Mr. Emor to be directly or personally involved in the mailing, as long as the mailing was reasonably foreseeable in the execution of the alleged scheme to defraud in which Mr. Emor is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that Mr. Emor caused the mailing by others. This does not mean that Mr. Emor must specifically have authorized others to do the mailing. When one does an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use of the mails

can reasonably be foreseen, even though not actually intended, then he causes the mails to be used.

With respect to the use of the mails, the government must establish beyond a reasonable doubt the particular mailing charged in the indictment. However, the government does not have to prove that the mailings were made on the exact date charged in the indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that the mailing was made on a date substantially similar to the date charged in the indictment.

Authority:

L. Sand, J. Siffert, W. Loughlin & S. Reiss, Modern Federal Jury Instructions: Criminal, Instr. 44-1, 44-2, 44-3, 44-4, 44-5, 44-6.

**Mr. Emor's Proposed Receipt of Stolen Property Instruction**

**22 D.C. Code § 3232**

Redbook Instruction 4.44:   Receiving Stolen Property and
                            Attempted Receipt of Stolen Property

**Mr. Emor's Proposed Theory of the Case**

Mr. Emor respectfully requests permission of the Court to supplement this instruction prior to the reading of these instructions to the jury.

                    Respectfully submitted,

                    /s/ WILLIAM R. MARTIN
                    William R. Martin, Esq.
                    Shawn M. Wright, Esq.
                    Kerry B. Verdi, Esq.
                    BLANK ROME LLP
                    600 New Hampshire Ave., N.W.
                    Washington, D.C. 20037
                    (202) 944-3000

                    *Attorneys for Charles Emor*

**CERTIFICATE OF SERVICE**

I certify that on this 15th day of December, 2006, I caused a copy of Defendant's Proposed Jury Instructions to be served by facsimile upon Assistant United States Attorney Roy Austin, United States Attorney's Office, 555 4th Street, NW, Washington, DC 20530.

/s/ KERRY BRAINARD VERDI
Kerry Brainard Verdi