UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Criminal No.  1:06-CR-00064-JR |
| | ) | Trial:  December 18, 2006 |
| v. | ) | |
| | ) | |
| | ) | |
| **CHARLES EMOR** | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## DEFENDANT CHARLES EMOR'S MOTION *IN LIMINE*  TO PRECLUDE CERTAIN EVIDENCE

Defendant Charles Emor, through his undersigned counsel, hereby moves this Court pursuant to Federal Rules of Evidence 401, 402, 403 and 404, to preclude the Government from introducing any evidence relating to Sunrise Academy's tax returns, Mr. Emor's personal income taxes, as well as any testimony regarding Mr. Emor's alleged sale of Dell Computers or plasma televisions.

During recent conversations with the Government, the defense was informed that the Government intends to introduce evidence of Sunrise Academy's tax returns and Mr. Emor's alleged failure to file his personal income taxes as evidence in furtherance of the conspiracy. Such evidence is irrelevant as the indictment does not allege that the conspiracy was furthered in any way through any alleged failure to file taxes, and the government is precluded from introducing new and highly prejudicial allegations of tax charges or a new goal of the conspiracy into this case.  Further, this evidence can not be introduced for any other reason since the Government has already indicated that it will not be introducing any 404(b) evidence.

Further, upon information and belief, the defense contends that the Criminal Tax Division must approve any joint tax/non-tax criminal case. There is no indication that that occurred in this case. Insertion of the issue of taxes into this case appears to have been devised during preparation for trial, which is wholly improper.

In addition, after careful review of the partial *Jencks* production, the defense also has a good faith basis to believe that the Government may attempt to introduce testimony regarding Mr. Emor's alleged involvement in purchasing both Dell computers and plasma televisions. This evidence should all be precluded as 404(b) evidence, which the Government has affirmatively stated it will not introduce.

Finally, none of this evidence is relevant to the case at hand, and the probative value of the evidence is outweighed by its prejudicial effect. Thus, Mr. Emor respectfully requests that this evidence be excluded from trial.

> A.   **Evidence Regarding Sunrise Academy's Tax Returns to Demonstrate Furtherance of the Conspiracy will Result in a Fatal Variance of the Indictment**

It is well established that "a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Stirone v. United States*, 361 U.S. 212, 217 (1960). Once an "indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." *Id.* at 215-16.

The indictment here can not be read to include any charges related to the taxes of either Sunrise Academy or Charles Emor personally. The indictment charges Mr. Emor with conspiracy to commit mail fraud, mail fraud, and receipt of stolen property arising out of an alleged conspiracy to steal computers from Gateway's plant in Hampton, Virginia. The indictment indicates that the goal of the conspiracy "was to obtain money by stealing Gateway

computers from the Hampton distribution facility and selling them throughout the District of Columbia, Maryland, Virginia and elsewhere." (*See* Indictment, Docket Entry #1.) The manner and means by which this alleged conspiracy operated are set forth in the Indictment. (*Id.*) Yet there is no allegation of violating tax laws as a means by which this conspiracy was furthered. Introducing evidence regarding Sunrise Academy's tax returns or evidence that Mr. Emor allegedly did not file his personal tax returns introduces tax counts into this case and greatly prejudices Mr. Emor since the defense was unaware of these new tax allegations until final trial preparation. The defense was not on notice that this was a criminal tax case and has received no discovery from the Government that would assist the defense in learning the alleged tax violations or in defending against this unfair last minute change in the Government's theory of their case.

On information and belief, no tax information relating to either Sunrise Academy or Charles Emor was ever introduced to the grand jury. Thus, the Indictment does not reflect any tax counts or any reference to taxes.

Allowing the government to introduce this evidence in furtherance of the conspiracy will result in Mr. Emor being tried on charges that were not presented to the grand jury and, therefore, are not made in the indictment against him. "Deprivation of such a basic right is far too serious to be treated as nothing more than a variance and then dismissed as harmless error." *Stirone,* 361 U.S. at 217. Thus, the government must be precluded from introducing evidence of Sunrise Academy's taxes or Mr. Emor's alleged failure to file personal income taxes as evidence in furtherance of the conspiracy to commit mail fraud.

Further, evidence regarding the taxes of either Sunrise Academy or Mr. Emor will extend the trial as it will result in a series of mini-trials to prove or disprove the tax allegations. For the

above reasons, the government should be precluded from introducing evidence of Sunrise Academy's taxes or Mr. Emor's alleged failure to file as evidence in furtherance of the conspiracy.

### B. Rule 404(b) Precludes the Introduction of this Evidence

Rule 404(b) precludes the introduction of other crimes evidence. As discussed, the indictment does not charge Mr. Emor with any crimes involving his personal income taxes or Sunrise Academy's taxes. Thus, any evidence relating to Mr. Emor's income taxes or Sunrise Academy's taxes constitutes evidence of other crimes, wrongs, or acts pursuant to Rule 404(b) evidence. Similarly, any testimony that Mr. Emor allegedly purchased and sold Dell computers or plasma televisions, or any other property, is also 404(b) evidence that should be excluded.

Rule 404(b) provides that the prosecution, upon the request of the accused, "shall provide reasonable notice in advance of trial" of any evidence of crimes, wrongs or acts it intends to introduce at trial. Fed. R. Evid. 404(b). On September 28, 2006, the defense made a timely request for notice of all 404(b) evidence. (*See* Docket Entry # 24.) The Government responded on October 19, 2006, by stating that "[t]he government does not intend to introduce any 404(b) evidence." (Docket Entry #26.) Thus, the defense has been preparing its case relying upon the representations of the Government that no 404(b) evidence will be introduced.

Recent conversations with the Government, as well as the partial production of *Jencks* material, have lead the defense to believe that the Government may seek to introduce such evidence at trial. However, since the defense timely requested notice of this evidence, and because the Government indicated that no 404(b) evidence would be introduced, all evidence regarding Sunrise Academy's taxes, Mr. Emor's alleged failure to file personal income taxes and

any alleged purchase or sale of Dell computers or plasma screen televisions must be excluded from trial.

### C. Relevancy

Evidence regarding Sunrise Academy's taxes, Mr. Emor's alleged failure to file personal income taxes, as well as alleged sale of property other than Gateway computers, is not relevant to the charges contained in the indictment, and thus, is inadmissible. "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence is generally admissible, while irrelevant evidence is inadmissible. Fed. R. Evid. 402. Because this evidence does not relate to the counts charged in the indictment, it is irrelevant and should not be admitted at trial.

### D.     Probative v. Prejudicial

Even if the Court determines that this evidence is relevant, it is still inadmissible as the prejudice of such evidence outweighs any probative value. Rule 403 of the Federal Rules of Evidence authorizes the exclusion of evidence when its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

In this case, the probative value of the above-referenced evidence is minimal, at best. The government does not need to rely upon this evidence to prove a single element of the offenses charged in the indictment. Unfair prejudice occurs when evidence creates "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, Advis. Comm. Notes (1972). In this case, the above-referenced evidence

bears no relation to the offenses charged; however, it could potentially lead the jury to draw negative inferences about Mr. Emor's character and improperly influence their decision as to his guilt or innocence with respect to the charged offenses. Because the danger of unfair prejudice to Mr. Emor substantially outweighs the minimal probative value of the evidence, the evidence should be excluded.

## Conclusion

Based on the foregoing, Mr. Emor respectfully requests that all evidence related to his personal income taxes and Sunrise Academy's income taxes be excluded. Mr. Emor further requests that his alleged sale or resale of Dell computers and plasma televisions, as well as reference to his alleged failure to file personal income taxes, be precluded from trial as the government has represented that it will not admit 404(b) evidence, and also because it is irrelevant and overly prejudicial.

Dated: December 17, 2006

Respectfully Submitted,

/s/
William R. Martin (D.C. Bar # 465531)
Shawn M. Wright (D.C. Bar # 458377)
Kerry Brainard Verdi (D.C. Bar #478486)
**Blank Rome LLP**
600 New Hampshire Avenue, N.W.
Washington, DC 20037
Ph: (202 772-5800
Fax: (202) 772-5858

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **Criminal No.  1:06-CR-00064-JR** |
| ) | **Trial Date: December 18, 2006** |
| v. ) | |
| ) | |
| **CHARLES EMOR** ) | |
| ) | |
| *Defendant.* ) | |

**[Proposed] ORDER**

Upon consideration of Defendant's Motion to Preclude Certain Evidence, and good cause demonstrated, it is hereby ORDERED that all evidence related to Sunrise Academy's tax returns, Mr. Emor's income taxes and any alleged sale or resale of Dell computers or flat screen televisions is inadmissible at trial.

_____
U.S. District Court Judge

.

## CERTIFICATE OF SERVICE

    I certify that on this 17th day of December, 2006, I caused a copy of Defendant's Motion to Preclude Certain Evidence to be served by facsimile upon Assistant United States Attorney Roy Austin, United States Attorney's Office, 555 4th Street, NW, Washington, DC 20530.

                                                                                                          _____

                                                                                                           Kerry Brainard Verdi