**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Criminal No. 1:06-CR-00064-JR |
| ) | Trial: December 18, 2006 |
| v.                                                             ) | |
| ) | |
| ) | |
| **CHARLES EMOR**                                  ) | |
| ) | |
| *Defendant.*                            ) | |
| _____) | |

**DEFENDANT CHARLES EMOR'S MOTION *IN LIMINE* TO PRECLUDE**
**INTRODUCTION OF CERTAIN CHECKS**

Defendant Charles Emor, through his undersigned counsel, hereby moves this Court for an Order precluding the Government from introducing irrelevant checks written to Mr. Emor for "computers" unless the Government has independent evidence that such checks were for the purchase of the Gateway computers at issue, and, therefore, relevant to this case.

During discovery production, the Government produced Mr. Emor's bank records. Included in these records are some checks written to Mr. Emor with the words "for computers" in the memo line. Such checks are irrelevant unless the Government has independent evidence to verify that these checks are for the purchase of the specific Gateway computers at issue in this case.

Federal Rule of Evidence 401 states that relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probably or less probably than it would be without the evidence." Fed. R. Evid. 401. Checks with the words "for computers" without specifying the type of computer, leads to confusion and speculation, and does not tend to make any factual allegation in this case more or less likely. It

is not illegal for Mr. Emor to sell computers unless the Government has a good faith basis for alleging that the computers referred to on the checks were stolen from Gateway and resold.

Further, even if this evidence is deemed relevant, any probative value of these checks is outweighed by its prejudicial impact, unless there is independent evidence that such checks were for the purchase of specific Gateway computers.  Vague checks "for computers" do not support the Government's theory that Mr. Emor was reselling stolen Gateway computers, and the introduction of these checks could cause confusion and unduly prejudice Mr. Emor.  Thus, Federal Rule of Evidence 403 also requires that these checks be excluded from evidence, unless the Government can prove that the checks were written for the purchase of the Gateway computers at issue.

Based on the foregoing, Mr. Emor respectfully moves this Court to preclude checks written to Mr. Emor "for computers" from evidence, unless there is evidence to prove they were for the purchase of the Gateway computers at issue in this case.

Dated:  December 17, 2006                    Respectfully Submitted,

                                             _____/s/_____
                                             William R. Martin  (D.C. Bar # 465531)
                                             Shawn M. Wright (D.C. Bar # 458377)
                                             Kerry Brainard Verdi (D.C. Bar #478486)
                                             **Blank Rome LLP**
                                             600 New Hampshire Avenue, N.W.
                                             Washington, DC 20037
                                             Ph: (202 772-5800
                                             Fax: (202) 772-5858

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **Criminal No. 1:06-CR-00064-JR** |
| ) | **Trial Date: December 18, 2006** |
| **v.** ) | |
| ) | |
| **CHARLES EMOR** ) | |
| ) | |
| *Defendant.* ) | |

### **[Proposed] ORDER**

Upon consideration of Defendant's Motion to Preclude Introduction of Certain Checks, and good cause demonstrated, it is hereby ORDERED that the Government may not introduce checks for "computers" unless there is independent evidence that the computers were the Gateway computers at issue.

_____
U.S. District Court Judge

.

## CERTIFICATE OF SERVICE

  I certify that on this 17th day of December, 2006, I caused a copy of Defendant's Motion to Preclude Introduction of Certain Checks to be served by facsimile upon Assistant United States Attorney Roy Austin, United States Attorney's Office, 555 4th Street, NW, Washington, DC 20530.

_____
Kerry Brainard Verdi

.