UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 1:06-CR-00064-JR |
| ) | Trial: December 18, 2006 |
| v. ) | |
| ) | |
| CHARLES EMOR ) | |
| ) | |
| *Defendant*. ) | |

### DEFENDANT CHARLES EMOR'S RENEWED MOTION
### FOR JUDGMENT OF ACQUITTAL

The Defendant, through his undersigned counsel, hereby renews its motion pursuant to Rule 29 for Judgment of Acquittal.  After a three-day trial in the above-captioned matter, the jury returned a guilty verdict on the single charge of conspiracy to commit mail fraud.  At the close of the government's case, the defense made a motion for judgment of acquittal, which was denied.  At the conclusion of the defense case, the defense renewed its motion for judgment of acquittal, which was again denied.  At the conclusion of the case, the defense now renews its motion for judgment of acquittal.  As will be discussed more fully below, the evidence is insufficient to support this conviction.

**I. The Evidence Presented as Trial is Insufficient as a Matter of Law to Support a Conviction**

In order to convict Mr. Emor of conspiracy, the government needed to prove that Mr. Emor had knowledge of the conspiracy.  This element is necessary to prevent conviction of a person who does or says something that unknowingly or unwittingly furthers an objective of the conspiracy.  *See Ingram v. United States*, 360 IS. 672, 678 (1959).

Thus, in this case, the government was required to establish *beyond a reasonable doubt*, that Mr. Emor knew that the computers he purchased were stolen computers. "Beyond a reasonable doubt is the most exacting standard known to the law…it requires the factfinder 'to reach a subjective state of near certitude of the guilt of the accused.'" *Davis v. United States*, 834 A.2d 861, 867 (D.C. Ct. App. 2003) (*citing Jackson v. Virginia*, 443 U.S. 307, 315 (1979)). "Proof of a fact beyond a reasonable doubt is thus 'more powerful' than proof that the fact is 'more likely true than not;' more powerful, even, than proof 'that its truth is highly probable.'" *Davis*, 834 A.2d at 867 (*citing Smith v. United States*, 709 A.2d 78, 82 (D.C. 1998)). Ultimately, the evidence is insufficient if "in order to convict, the jury is required to cross the bounds of permissible inference and enter the forbidden territory of conjecture and speculation." *Roy v. United States*, 652 A.2d 1098, 1103 (D.C. Ct. App. 1995).

In this case, the jury had no facts regarding Mr. Emor's actual knowledge of the conspiracy and was forced to inappropriately speculate on this essential element. In fact, the Postal Inspector testified that when she interviewed the co-conspirators no one stated that they told Mr. Emor the computers were stolen, rather it was implied. In addition, Mr. Marshall testified that he never told Mr. Emor that the computers were stolen. Both Mike Ralph and Orlando Marshall were admitted liars who would lie when they had to and were clearly seeking to curry favor by now implicating Mr. Emor. Therefore, the jury was presented with no credible evidence upon which to make this critical determination.

Thus, the jurors were presented with insufficient evidence to find guilt beyond a reasonable doubt were forced to speculate and guess as to whether Mr. Emor actually knew that the computers were stolen. This is improper as a matter of law. Therefore, Mr. Emor respectfully requests that the Court grant this motion for a judgment of acquittal.

Dated:  January 3, 2007                           Respectfully Submitted,

                                                                             /s/

William R. Martin  (D.C. Bar # 465531)
Shawn M. Wright (D.C. Bar # 458377)
Kerry Brainard Verdi (D.C. Bar #478486)
**Blank Rome LLP**
600 New Hampshire Avenue, N.W.
Washington, DC 20037
Ph: (202 772-5800
Fax: (202) 772-5858

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>v. )<br>)<br>**CHARLES EMOR** )<br>*Defendant.* ) | **Criminal No. 1:06-CR-00064-JR**<br>**Trial Date: December 18, 2006** |

### [Proposed] ORDER

Upon consideration of Defendant's Renewed Motion for Judgment of Acquittal, and good cause demonstrated, it is hereby ORDERED that the Motion is GRANTED.

_____
U.S. District Court Judge