FILED

FEB 0 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, :
                          :
     v.                   :  Crim. Action No. 06-0064 (JR)
                          :
CHARLES EMOR,             :
                          :
     Defendant.           :

## MEMORANDUM ORDER

Perhaps concerned that his unopposed motion for leave to extend time to move for a new trial [40] would not be granted in time, defendant filed two motions on the day before the deadline. The first, a motion for acquittal [42], was denied by minute order. I called for a response to the second, a motion for declaration of mistrial [41], which is before me for decision. In essence, that motion purports to revive a mistrial motion made during trial, relating to the introduction of evidence regarding an alleged "Phase I" of the charged conspiracy. I had reserved ruling and asked the defendant to provide authority for his position, but none was forthcoming during the trial. The government's first response to the motion made post-trial is accordingly that the moment has passed and that Emor has waived the issue raised by the motion, perhaps deliberately for tactical reasons, preferring to use it instead for attempted impeachment of prosecution witnesses. Whatever his motive for not pursuing the issue at trial, the defendant will

surely have the opportunity to present his argument sooner or later, either here or in his motion for new trial,[1] so I'll proceed to deal with it now.

The claim is of a variance between the trial evidence and the indictment. The indictment charges that the conspiracy ran "[f]rom between in or about December 2000 until in or about May 2002," and defendant asserts that he was unfairly surprised by evidence of a "Phase I" conspiracy that began in 1998 and continued through 1999.

The government provided the defendant with the plea papers of his co-defendant and co-conspirator Simmons six weeks before trial. Those papers included Simmons' recitation that he had begun to take names and addresses of individuals interested in purchasing stolen computers in 1999 and that he knew that many of the computers went to middlemen, referring (by his initials) to defendant Emor. In its opening statement, government counsel said that the conspiracy began in 1998, continued for about a year, suspended operations because Simmons became concerned that he would be caught, and started up again (Phase II) in December 2000, with the same individuals involved in the same illegal acts as in Phase I. Not only did defense counsel make no objection to that opening statement, but, in his own opening statement, he

---

[1] The motion for extension of time was timely granted, so that defendant still has until February 19 to move for a new trial.

dealt directly with its substance, acknowledging that Simmons and another co-conspirator agreed to steal computers in 1998, stating that defendant did not know either of those conspirators in 1998, and stating that "around 1999," defendant bumped into one of the co-conspirators who told him he had a cousin who "works at Gateway who can get you a good discount," and that the defendant responded, "Great. Have him give me a call."

Defendant's reply memorandum asserts that, "While Mr. Emor had mounted a defense for the alleged 50-60 computers shipped from December 2000 through May 2002, the defense was not prepared to defend against an additional 100 computers shipped in a different time period and the defense was unable to overcome this surprise."

Defendant argues that United States v. Baugham, 449 F.3d 167 (D.C. Cir. 2006), stands for the proposition that "the government bears the burden of showing the absence of prejudice," but he is relying, not on the holding of the case, but on dicta -- and only half the dicta, at that. The quoted statement begins a disquisition on the apparent inconsistency between the government's burden of showing the absence of prejudice in harmless error cases, on the one hand, and, on the other, "the conspiracy variance cases in our Circuit [that] have generally said that the defendant bears the burden of showing prejudice." Id. at 177 (emphasis added). The Baugham panel concluded that it

did not need to resolve the conflict between those two lines of cases, because the government had established the absence of prejudice anyway.

Defendant's focus on time as a dispositive factor in variance cases is similarly off the mark. As support for the proposition that "courts tend to find that the variance is fatal" where the difference between the trial proof and the allegations of the indictment differ by more than a year, he offers <u>United States v. Tsinhnahijinnie</u>, 112 F.3d 988 (9th Cir. 1997), but that decision simply found no proof that the charged conduct (sexual assaults) occurred within the time frame charged in the indictment; it happened at some other time. Nor can the defendant find support in <u>United States v. Ross</u>, 412 F.3d 771 (7th Cir. 2005), where the indictment charged unlawful possession of a weapon in 1992 but the jury was instructed that it could convict if it found possession any time after 1988. And <u>United States v. Rowe</u>, 2006 U.S. Dist. Lexis 63830 (S.D.N.Y. Sept. 6, 2006), like <u>Tsinhnahijinnie</u>, found no proof that the charged conduct (gun possession) had occurred during the time frame charged in the indictment.

In the present case, there was plenty of proof of unlawful acts within the period charged in the indictment. The only question is whether the defendant was prejudiced by unfair surprise as to evidence of conduct outside the charged period.

On that question, defendant provides only argument. His statement that "the defense was not prepared to defend" against the evidence of activities earlier than December 2000 is a conclusory statement that does not sustain his burden of showing prejudice.

The motion for mistrial [41] is accordingly **denied**.

*[signature]*
JAMES ROBERTSON
United States District Judge