# Exhibit A



**BLANK ROME** LLP
COUNSELORS AT LAW

*Phone:*   *202-772-5939*
*Fax:*     *202-572-8380*
*Email:*   *Martin-w@blankrome.com*

April 11, 2006

**VIA FACSIMILE AND U.S. MAIL**

Roy L. Austin, Jr.
Assistant United States Attorney
555 4th Street, NW
Washington, D.C. 20530

RE: Discovery in United States v. Simmons, et. al
Criminal Action No. 06-CR-00064 (HHK)

Dear Mr. Austin:

On behalf of Charles Emor, and pursuant to Rule 16 of the Federal Rules of Criminal Procedure, I write to memorialize Mr. Emor's initial discovery requests.

First, and pursuant to FRCP 16(a)(1)(A), I hereby request that you disclose the substance of any relevant oral statement made by Mr. Emor, before or after arrest, in response to interrogation by a person he knew was a government agent if the government intends to use the statement at trial.

Second, and pursuant to FRCP 16(a)(1)(B), I request that you also disclose and make available for inspection and duplication the following:

1) Any relevant recorded statement, or copies thereof, made by Charles Emor and within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the United States Attorney's Office;

2) That portion of any written record containing the substance of a relevant oral statement made by Charles Emor in response to interrogation by any person then known to Charles Emor to be a government agent, or a person working or acting on behalf of a governmental agent or agency; and

**BLANK ROME LLP**
COUNSELORS AT LAW

Third, and pursuant to FRCP 16(a)(1)(D), I request a copy of Mr. Emor's prior criminal record, if any, as is within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the United States Attorney's Office.

Fourth, and pursuant to FRCP 16(a)(1)(E), I request that you disclose and make available for inspection or duplication any books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions thereof, that are within the possession, custody or control of the government, and that are material to the preparation of Charles Emor's defense, or are intended for use by the government as evidence in its case in chief at the trial, or that were obtained from or belonged to Charles Emor.[1]

Finally, and pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), I request that you provide any and all information that is favorable to Mr. Emor and material to guilt or punishment including, without limitation, the following:

1) Evidence of bias of a government witness;

2) The nature, substance and terms of any consideration given a witness in exchange for his/her cooperation with the government;

3) Any witnesses who do not fully corroborate the government's case or may tend to impeach the government's evidence. *See Giles v. Maryland*, 386 U.S. 66 (1967).

4) Any information tending to show the unreliability of a government witness or that would tend to discredit the testimony of a government witness. *See Giglio v. United States*, 405 U.S. 150 (1972); and

5) All information known to the government that is favorable to Mr. Emor, whether or not admissible in court, and that is material to the issues of guilt and/or punishment. This includes any information that the requisite elements required to prove the charged offenses cannot be met.

---

[1] For purposes of these requests, information is "material" if there is a "reasonable probability" that, but for its non-disclosure to the defense, the result of the trial would be different. *See United States v. Bagley*, 473 U.S. 667, 682 (1985). Accordingly, "material" information includes both impeachment evidence and evidence that is directly exculpatory. *Id.* at 676-77.



For purposes of these requests, the term "information" refers to all documentary, tangible or oral material including, without limitation, statements by witnesses, investigation reports and personal notes of investigators. Such information is "known" to the government if known to 1) you personally, 2) another attorney in the United States Attorney's Office, or 3) any law enforcement agent, and which you could acquire actual knowledge of through the exercise of due diligence. If such information is disclosed to you by any third-party, please make available for inspection and duplication all supporting documents or tangible things, as well as the name and address of each witness having knowledge of the information disclosed.

If you elect to not disclose exculpatory information or materials until the day of trial, please secure by subpoena the presence at trial of witnesses having knowledge of such information or possession of such materials. Your cooperation in this regard will avoid unnecessary delay and monopolization of judicial resources.

As you know, these requests are continuing, and the government's response requires supplementation. In the event that you are unwilling or unable to make the requested disclosures, or if you have any objection to the substance or scope of these requests, please advise me promptly of the substance and basis for such position.

Regards,

William R. Martin/kbv

William R. Martin

WRM/kbv