


RECEIVED
FEB 0 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Cr. No. 06-        (HHK) |
| v.  : | |
| : | Violation: 18 U.S.C. § 371 |
| ABDUL JALLOH : | (Conspiracy to Commit Mail Fraud) |
| : | |
| Defendant. : | |

## INFORMATION

The United States Attorney informs the Court that:

**COUNT ONE – CONSPIRACY**

At all times material to this Information:

1. Gateway Computers ("Gateway") manufactured personal computers and related components for businesses and individuals. Although its headquarters was in Iowa, Gateway maintained a manufacturing and distribution plant in Hampton, Virginia. Gateway shipped personal computers and related components (referred to collectively herein as "computers") throughout the United States from its Hampton facility.

2. Defendant ABDUL JALLOH was a social worker at the District of Columbia Child and Family Services Agency. He worked in the District of Columbia, and resided in Prince Georges County, Maryland.

3. Co-conspirator "O.M." was a colleague of JALLOH'S who worked and resided in the District of Columbia.

## The Conspiracy

4. From between in or about February, 2002, until in or about May, 2002, in the District of Columbia and elsewhere, defendant JALLOH, O.M., and others whose identities are known and unknown to the United States (sometimes referred to as "co-conspirators") did unlawfully and knowingly combine, conspire, confederate and agree together and with each other to commit the offense of Mail Fraud against the United States, in violation of 18 U.S.C. § 1341.

## The Goal of the Conspiracy

5. The goal of the conspiracy to obtain money by stealing Gateway computers from the Hampton distribution facility and selling them throughout the District of Columbia, Maryland, Virginia and elsewhere.

## Manner and Means of the Conspiracy

6. In order to achieve the goal of the conspiracy, defendant JALLOH, O.M., and others whose identities are known and unknown to the United States used the following manner and means, among others:

    a. JALLOH identified people throughout the District of Columbia metropolitan area who wanted to purchase Gateway computers. JALLOH agreed to sell stolen Gateway computers to his recruited customers for approximately $400 or $500 each. JALLOH received this money in cash.

    b. Periodically, JALLOH told O.M. how many orders he had received for stolen computers to sell to his recruited customers so that O.M. could obtain the computers and, in turn, arrange for them to be delivered to JALLOH. At the time that JALLOH placed these orders with O.M., he also paid O.M. in cash for the computers using the money that his recruited customers had given him.

c.  O.M., acting together with others whose identities are known and unknown to the United States, then caused computers to be diverted from the Hampton, VA., plant and shipped to either O.M.'s residence in Washington, D.C., or JALLOH'S residence in Prince George's County, Maryland.

d.  After the stolen Gateway computers arrived in the Washington, D.C., metropolitan area, JALLOH delivered the computers to the customers that he had recruited.

## Overt Acts

7.  Within the District of Columbia, and elsewhere, in furtherance of the above-described conspiracy and in order to carry out the objects thereof, defendant JALLOH, O.M., and others known and unknown to the United States committed the following overt acts, among others:

a.  On or about February, 2002, JALLOH and O.M. agreed that O.M. would provide stolen Gateway computers to JALLOH for re-sale.

b.  On or about February, 2002, JALLOH gave O.M. cash to pay for two stolen Gateway computer systems.

c.  On or about February, 2002, JALLOH caused O.M. to direct the co-conspirators to divert computers from Gateway's Hampton facility.

d.  On or about February, 2002, JALLOH received two stolen Gateway computers at his home via the United Parcel Service.

e.  On or about February, 2002, JALLOH delivered the two stolen Gateway computers to the customers that he had previously recruited.

**(Conspiracy, Aiding and Abetting, Causing an Act to be Done,
in violation of Title 18, United States Code, Sections 371 and 2.)**

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

Sarah T. Chasson
Assistant United States Attorney
D.C. Bar. No. 448-994
Fraud and Public Corruption Section
555 4th Street, N.W.
Washington, D.C. 20001
(202) 514-7248